Rina SHOTLAND; Michelle Yacobov, a minor, through her guardian ad litem, Natalie Yacobov, Plaintiffs—Appellees,

v.

CITY OF TORRANCE, a public entity, Defendant,

and

Martin Vukotic, Officer; Hector Bermudez, Officer, Defendants—Appellants.

No. 04–55837.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided July 11, 2006.

Christopher P. Blaxland, Esq., Christopher P. Blaxland Law Office, Manhattan Beach, CA, for Plaintiffs—Appellees.

John L. Fellows, III, Office of the City Attorney, Torrance, CA, for Defendant.

Robert M. Dato, Esq., Stephan, Oringher, Richman & Theodora, Costa Mesa, CA, for Defendants—Appellants.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiffs sue for damages under 42 U.S.C. § 1983. Appellants, two police officers, bring an interlocutory appeal of the district court's denial of their motion for summary judgment based on qualified immunity. We review such a denial de novo. *See Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir.2004). The parties are familiar with the facts, and we do not repeat them in detail here.

At issue is whether the district court erred in determining that a reasonable officer would have known that their warrantless, unconsented intrusion into the Shotland residence was not excused by the exigent circumstance exception to the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Fourth Amendment warrant requirement. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *United States v. Kunkler*, 679 F.2d 187, 192 (9th Cir.1982). Based on the record before it, including all the evidence introduced by appellants, the experienced district court judge determined that a reasonable officer would have known that the intrusion was not excused by exigent circumstances.

In their brief to this court, appellants represent that a Los Angeles County Superior Court Judge in a suppression hearing found that exigent circumstances excused the warrantless entry of the Shotland residence. However, no records of any state court proceedings were put in the record in the district court. The only mention in the district court of a state court suppression hearing was a very short, out-of-context excerpt contained in appellants' *brief* in support of their motion for summary judgment.

After it was brought to the attention of appellants at oral argument in this court that none of the state proceedings were in the record of the district court, appellants asked us to take judicial notice of a transcript of a state court hearing at the end of which the court denied a motion to suppress evidence seized at the Shotland residence. An examination of the transcript shows that there were two hearings in the state court. At the first hearing, the state court took evidence concerning what happened in the Shotland residence. At the second hearing, the state court denied a motion to suppress based on the evidence presented in the first hearing. Appellants ask us to take judicial notice only of the transcript of the second hearing. They have not provided us the transcript of the first hearing. Even if we were to take judicial notice of the transcript of the second hearing, it would be next-to useless, for we would not know the evidence upon which the state judge based his ruling.

We decline to take judicial notice of the transcript of the second hearing in the state court. There was nothing that prevented appellants from introducing that transcript (or, indeed, the transcripts from both hearings) in the district court, and nothing that prevented them from making the argument to the district court that they now seek to make for the first time to us. We are unwilling to reverse the district court based on evidence never presented to it and not properly before us. *See Lobatz v. U.S. W. Cellular of Cal. Inc.*, 222 F.3d 1142, 1148 n. 4 (9th Cir.2000).

Based on the record in the district court and now before us, we affirm the court's denial of appellants' motion for summary judgment based on qualified immunity. Based on the record in the district court— indeed, even based on the transcript for which judicial notice is now sought—we have no way of knowing what evidence was presented to the state superior court and therefore no way of knowing the basis for that court's ruling. In fact, confining ourselves to the evidence presented to the district court, we have no way of even knowing that a state court judge ruled on a motion to suppress.

On remand from our decision in this interlocutory appeal, the district court is, of course, free to allow appellants to renew their motion for summary judgment, and to allow them to present whatever evidence they think appropriate to support such a renewed motion. We suggest that the district court may wish to consider late-filed state court transcripts in deciding whether to allow appellants to renew their motion. Whether to permit such a renewed motion, however, is a matter for the district court to determine in the exercise of its sound discretion.

The district court's decision at issue in this interlocutory appeal is AFFIRMED. The case is REMANDED to the district court for further proceedings.

BYBEE, Circuit Judge, dissenting.

I must respectfully part company with the majority.

First, I believe that we should have granted the appellants' motion for judicial notice. The advisory committee's note to Rule 201 of the Federal Rules of Evidence, which governs judicial notice, distinguishes between "legislative" facts and "adjudicative" facts. *See* FED.R.EVID. 201 advisory committee's note. Adjudicative facts are defined as "simply the facts of the particular case," while legislative facts "are those which have relevance to legal reasoning and the lawmaking process, ... [such as a] ruling by a judge or court...." *Id.* The committee notes state that the court's "access to legislative facts" is "unrestricted," and that the parties "control no part of the process." *Id.* (quoting Edward M. Morgan, *Judicial Notice,* 57 HARV. L.REV. 269, 270–71 (1944)).

To resolve this case, the state court decision need not be considered for its "adjudicative" value—i.e., as evidence that the search in this case complied with the Fourth Amendment. Instead, we need only consider it as proof of the "legislative" fact that a reasonable jurist, i.e., the state court judge, concluded that the search was constitutional. Thus, while I join the majority in condemning the defendants' counsel for their failure to introduce evidence of the state court decision in the district court, I still believe that it is proper for us to take judicial notice of the state court proceedings for the purpose of determining whether the defendants were entitled to qualified immunity.[1]

Yet even without considering the state court's decision, I would still reverse the district court and hold that the officers are entitled to qualified immunity. As the district court recognized in its thorough and considered opinion, the case with the most similar facts to those presented here is *United States v. Kunkler,* 679 F.2d 187, 192 (9th Cir.1982). In that case, however, we *upheld* the search as constitutional under the Fourth Amendment. The facts of this case differ from those of *Kunkler,* and the district court may well have been correct in concluding that the search was unconstitutional. Nonetheless, I do not believe that the facts of *Kunkler* are sufficiently different that the officers here should reasonably have known that their conduct was unlawful.

The officers in this case were clearly operating close to the boundaries of the Fourth Amendment, and two reasonable judges could—and did—thoughtfully consider all of the evidence and reach different conclusions. But the very fact that this question could reasonably have been resolved in either of these two ways means that, almost by definition, "it would [not] be clear to a reasonable officer that his conduct was unlawful," and the defendants are therefore entitled to qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). I would reverse the district court.

---

1. I reach this conclusion even though the defendants' lawyers negligently failed to include the transcript of the first state court hearing. Under my view of Rule 201, the fact that the parties did not bring the first hearing to our attention is of no importance. Additionally, the state court judge's ruling contained a discussion of the evidence on which the ruling was based. In my opinion, this discussion was sufficiently detailed and consistent with the evidence presented before the district court that it established what evidence was introduced with sufficient certainty for us to take note of the adjudication.